DLD-301                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2484
_____

JOHN BOYD,
                    Appellant

v.

UNITED STATES OF AMERICA; TROY WILLIAMSON;
RONALD A. LAINO; T. BURKE;
J. TROUTMAN; D. TROUTMAN;
M. TANNER; HEATH;
C/O EIGHT JOHN DOE'S; S. VALIN;
S. VELLOLLIAH; E. L. TATUM, JR.;
D. SCOTT DODRILL; T. NOONE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-06-cv-01359)
District Judge:  Honorable Thomas I. Vanaskie

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010
Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 6, 2010)

_____

OPINION

_____

PER CURIAM

Pro se appellant John Boyd appeals from orders granting summary judgment for the defendants and denying his motion for reconsideration. We will affirm.

I.

The facts of this appeal are familiar to the litigants and will hence be discussed briefly herein. Boyd complains that, while an inmate at the Allenwood, PA Federal Correction Complex, he was targeted in a retaliatory fashion by the defendants—staff and administrators of the Bureau of Prisons ("BOP")—to punish him for filing grievances and a civil complaint alleging medical malpractice at the facility. He cites several incidents, beginning in April 2004, that he claims make up this pattern of retaliation, including yard and cell shakedowns, false incident reports, delayed access to medical and dental care, and threats from prison officials. These culminated in what he describes as a malevolent tampering with his custody classification level/management variable, leading to his being transferred to a facility in Pollock, Louisiana, far away from his family.

In response to these incidents, Boyd filed grievances within the prison system. In May 2004, he filed a grievance in response to an incident report and subsequent loss of privileges, claiming that he had not been given a proper hearing and seeking to have the findings against him reversed and expunged—notably, he did not mention retaliation.

2

While initially unsuccessful, he partially prevailed on appeal, and on remand succeeded in reversing the charge. In May 2005, he filed an omnibus, "sensitive" grievance with the Northeast Regional Office of the BOP.[1] That office denied his complaint and advised Boyd to follow standard administrative procedures. Boyd declined to do so; instead, he waited until he had been transferred to USP Pollock, where he initiated (in October 2005) an omnibus grievance repeating many of the allegations in controversy in the present action. This action was rejected as untimely. Boyd appealed the rejection but found no relief.

Boyd initiated the instant suit in July 2006. Defendants moved for summary judgment predicated on Boyd's failure to exhaust administrative remedies, which was granted by the District Court in November 2009. Thereafter, Boyd filed a motion to reconsider, which was denied in April 2010. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 (2006). Our review of an order granting summary judgment is plenary. Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). In reviewing the decision of the District Court, we apply "the same standard that the lower court should have applied." Farrell v. Planters Lifesavers Co., 206 F.3d 271,

---

[1] Under 28 C.F.R. § 542.14(d)(1), if an inmate "reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director." Id.

3

278 (3d Cir. 2000); see also Fed. R. Civ. P. 56(c)(2) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."). We also must "view all evidence and draw all inferences in the light most favorable to the non-moving party." Startzell v. City of Philadelphia, 533 F.3d 183, 192 (3d Cir. 2008). With regard to motions for reconsideration under Fed. R. Civ. P. 59(e), we exercise plenary review over matters of law and abuse-of-discretion review otherwise. Cureton v. NCAA, 252 F.3d 267, 272 (3d Cir. 2001).

We may summarily affirm if no substantial question is presented by the appeal. See LAR 27.4; I.O.P. 10.6; Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002). For the following reasons, we will affirm the judgment of the District Court.

III.

In granting summary judgment to the defendants, the District Court found that Boyd had failed to exhaust available administrative remedies before filing suit in federal court, and by "[making] a conscious, ill-advised decision to bypass consideration of his retaliation claims at the institutional level" had procedurally defaulted on his claims. Opinion at 12. Boyd contests this conclusion.

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), a prisoner must pursue and exhaust the available avenues for relief within a prison's

4

administrative or grievance system before filing a lawsuit. Booth v. Churner, 532 U.S. 731, 733–34 (2001). All suits deriving from prison life and conditions, "whether they involve general circumstances[,] particular episodes . . . excessive force or some other wrong," fall under the ambit of the PLRA. Porter v. Nussle, 534 U.S. 516, 532 (2002). The prisoner must successfully "complete the administrative review process in accordance with the applicable procedural rules, including deadlines" in order to bring suit in federal courts. See Woodford v. Ngo, 548 U.S. 81, 88 (2006); Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010). Moreover, the bright-line rule of complete exhaustion applies regardless of "whether [internal processes] provide the inmate-plaintiff with the relief . . . [desired] in his federal action." Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000). Therefore, if an inmate declines to proceed through proper channels, he may risk procedurally defaulting on his claim. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

It is undisputed that Boyd failed to substantially comply with the BOP's grievance Program,[2] despite clearly being aware of the grievance-and-appeals process. Boyd's attempt to excuse this failure rests on two theories: first, that his May 2004 action was "exhausted" due to the nonexistence of additional remedies; second, that his omnibus, "sensitive" complaint of May 2005 was never properly denied and, thus, was not subject

---

[2] This Program, a multi-step process discussed in the opinion of the District Court, can be found at 28 C.F.R. § 542.10 *et seq*.

to time and reasonableness limitations on his ability to re-file.

Both claims are without merit. As all parties concede, Boyd's initial grievance—which made no mention of retaliation—was resolved in his favor in August 2004. In the order that authorized remand, defendant Dodrill emphasized that Boyd could "file a new Request for Administrator Remedy with the Warden" after the conclusion of disciplinary proceedings. Ackley Decl. 60. Boyd argues that he had no incentive to appeal given his victory on remand. However, he misses the point: to pursue a claim in federal court based on retaliation, he must first have exhausted administrative remedies for that claim. Winning on one claim does not excuse failure to exhaust on a different claim that is factually related.

Similarly, Boyd's omnibus complaint of May 2005, filed more than sixty days after the last incident of which he complains, was properly rejected by the Northeast Regional Office, yet Boyd failed to take any additional action at that time. He was advised to follow regular procedures and to start at the informal complaint stage. At this juncture, Boyd had two options: do as requested, or appeal the Regional Office's denial of his BP-10, a course of action specifically allowed by the Program. See 28 C.F.R. 542.17(c) ("[T]he inmate may appeal the rejection, including a rejection on the basis of an exception as described in § 542.14(d), to the next appeal level."). He did neither.[3]

---

[3] In his Motion for Reconsideration, Boyd provided what he claimed were documents demonstrating that he had, in fact, filed an appeal from the rejection of his "sensitive" grievance, and that he received no response from the Central Office. Based on the heightened standards of Federal Rule of Civil Procedure 59(e), the delay in providing this

6

IV.

Because this appeal presents no substantive legal issue, we will summarily

affirm the District Court's judgment.  Appellant's motion and amended motion for

reversal are denied.

---

material, the absence of any confirmation of receipt by the Central Office, and the likelihood that the underlying claim was untimely, the District Court did not abuse its discretion in denying the motion.